## Seibert *against* M'Henry.

Replevin cannot be maintained in the name of a husband and wife, to recover chattels, the property of the wife before marriage, unlawfully taken afterwards. The action must be in the name of the husband alone.

The plea of property in such case does not admit the plaintiff's right to sue; nor need such objection be taken by plea in abatement.

WRIT of error to the common pleas of *Luzerne* county.

George M'Henry and Lucinda, his wife, against Nicholas Seibert. This was an action of replevin for a cow. The proof offered by the plaintiffs was, that the cow had belonged to Charles Holloway, the father of Lucinda M'Henry, and was sold as his property, and purchased by his daughter, before her marriage to the plaintiff, but remained in the possession of the father, until after her marriage, and until she was taken by the defendant. The defendant pleaded property in himself.

When the plaintiffs offered the evidence of their right to recover, it was objected to by the defendant, on the ground that the action could not be maintained upon the proof which, in law, established a title in the husband alone; but the court overruled the objection, and sealed a bill of exceptions.

In answer to a point put by the defendant's counsel, the court charged the jury, that the action was rightly brought in the name of the husband and wife, and the plaintiff was entitled to recover.

This was the only point in the cause.

*Wright*, for plaintiff in error, argued that the possession of the father was the possession of the daughter, and after marriage the property was exclusively of the husband, and he alone could maintain the action. *Clancy* 1; *Cro. Eliz.* 133; 1 *Chit. Pl.* 62; 1 *Salk.* 114; 2 *Saund. Pl. & Ev.* 70; 2 *Saund. Rep.* 47, note *g;* 3 *Amer. Dig* 328; 5 *Amer. C. L.* 567; 1 *Bac. Abr.* 502; 2 *Caines* 221; 5 *Bos. & Pul.* 404; 1 *Sel. N. P.* 250.

*Greenough*, for defendant in error, cited 3 *Term Rep.* 627. The defendant should have taken advantage of the misjoinder by plea in abatement. 1 *Saund. Rep.* 291; 2 *Watts* 40; 6 *Bac. Abr.* 70; 1 *Esp. Dig.* 374.

The opinion of the Court was delivered by

KENNEDY, J.—The question, which arises here is, whether a feme sole being the owner, and in either the actual or constructive possession of personal property at the time of her marriage, can, for an unlawful taking thereof, after the marriage, by the defend-

[Seibert v. M'Henry.]

ant, be joined with her husband in an action of replevin for the recovery of it.   It has been very ingeniously argued and certainly not without a great deal of plausibility by the counsel for the defendants in error, who were the plaintiffs below, that this question is not necessarily presented by the record.   But we think it cannot be evaded; for it is impossible for us to shut our eyes to the fact that it is raised directly, and indeed almost the only one that is raised, by the bills of exception to the evidence and the charge of the court.   It has been said that the misjoinder of the wife ought to have been pleaded in abatement; but this proposition is in opposition to all the authorities on the subject.   The defendant may not know the nature and extent of the plaintiffs' interest in the subject matter of the controversy, but as the plaintiffs themselves must know this, if they or either of them have any claim or interest in it at all, they will, therefore, be held bound, on the trial of the cause, to show that they have a joint title or interest in the thing sued for.   There is no rule better settled than that the *probata* must correspond with and support the *allegata.*   Therefore, it is, that if too many plaintiffs join in bringing the action, the defendant may take advantage of it on the general issue.   An objection, which goes only to show a want of ability on the part of the plaintiff or one of them to sue, and not a want of title, must generally be pleaded in abatement, and cannot be taken advantage of on the general issue.   As if a *feme covert* join in suing with others as a *feme sole*, it has been held that the defendant can only avail himself of the objection, by pleading it in abatement.   Milner v. Milner, 3 *Term Rep.* 631.   But Mr Chitty, who recognizes this principle, and refers to the case cited, and others on the subject in his Treatise on Civil Pleading, vol. 1, pages 436–7, lays it down in the following words: " When a *feme covert* has no interest whatever in the subject matter of the action, and consequently ought not to be made a party, and she sues either *with* or *without* her husband, the plaintiff will be *nonsuited* on the *general issue.*" For this rule, he cites in the margin, Caudell v. Shaw, 4 *Term Rep.* 361; Buckly v. Collier, 1 *Salk.* 114; Rose and wife v. Bowler, 1 *Hen. Bla.* 108; Abbot and wife v. Blofield, *Cro. Jac.* 644; Bidgood v. Way and wife, 2 *Bla. Rep.* 1236.   Now in the present case, it not only appears from the plaintiffs' declaration that the wife who is joined with her husband as such in the action below, but likewise from their own evidence offered and given on the trial, that she had no right to, or interest whatever in the cow either at the time of the taking of the cow by the defendant below or at the time of commencing the action.   On the contrary it being testified to by the plaintiffs' own witnesses, that the wife, at and previously to the time of her marriage, was the sole owner of the cow, which had been left by her in the care of her father, to be delivered up by him when called for, the cow of course became the sole and absolute property of the husband, immediately upon

the marriage.  *Co. Lit.* 351, *b.*  But it is contended, that the plea of property, and not the general issue, having been pleaded by the defendant below, he thereby admitted the taking of the cow as also the right of the plaintiffs to maintain their action, unless he proved the property of the cow, as he alleged by his plea, to be in himself.  The writ of replevin, however, cannot be sustained by a plaintiff without his showing that he has either an absolute or special property vested in him.  *Co. Lit.* 145, *b; Bull. N. P.* 53. The mere naked possession is not sufficient as it is in the case of trespass.  Waterman *v.* Robinson, 5 *Mass.* 303.  Then even supposing that the plea of property without more does admit the taking; which is the most that can be claimed, because the general issue, *non cœpit,* merely denies the taking; the plaintiff, before he can recover, must prove either an absolute or special property in himself.  And for the same reason, because possession alone, on the part of the plaintiff in replevin, is not sufficient to enable him to maintain the action, the defendant may defeat it by pleading and showing property in a stranger; or even in one of the plaintiffs, where two or more have joined in bringing the replevin.  *Co. Lit.* 145, *b.*  And this he may do by pleading it either in bar or abatement.  Salkold *v.* Skellon, *Cro. Jac.* 519; Butcher *v.* Porter, 1 *Show.* 401; S. C., 1 *Salk.* 94; *Carth.* 243; Presgrave *v.* Saunders, 1 *Salk.* 5; S. C., *Ld. Raym.* 984; 6 *Mod.* 69, 81, 103; Wildmore *v.* North, 2 *Lev.* 92 ; S. C., 1 *Ventr.* 249; *Gilb. on Replevin* 127–8. And Chief Baron Gilbert, in this book last cited, of which he is the author, lays it down, in page 127, that the defendant by pleading property in himself does not thereby confess even the *caption,* but in effect denies the right of the plaintiff to claim a deliverance. And in accordance with all the authorities and the principles thereby established in relation to this point, the late chief justice of this court, in Clemson *v.* Davidson, 5 *Binn.* 399, where the defendant in replevin pleaded property, says, " it is true, notwithstanding his (the defendant's) plea, it is necessary for Clemson (the plaintiff) to show the property in himself."  And in Maryland, where replevin will lie and may be maintained upon the same ground as in this state, it has been ruled that the plea of property in the defendant, throws the whole burthen of proof on the plaintiff.  Cullum *v.* Bevans, 6 *Harr. & Johns.* 469.

The doctrine of intendment, which has been resorted to and relied on, to sustain the judgment of the court below, is not applicable here; there is no ground upon which any thing of the kind can be made; because the question of the right of the plaintiffs below to maintain their action, does arise on the statement of facts exhibited by the pleadings merely, but upon the facts as given in evidence by the plaintiffs themselves, on the trial of the cause and the charge of the court thereon to the jury; which have all been made part of the record by the bills of exception taken thereto by the defendant below.  And it appearing from this evidence, that

the wife was the sole and absolute owner of the cow in her own right, before and at the time of her marriage; and that she was also in the constructive possession thereof, by her father, who had been entrusted with the care of the cow by her till called for, the property of the cow was transferred by the marriage and became vested thereby immediately in her husband. *Co. Lit.* 351. *b*. And it also appearing, that the cow was taken by the constable, and sold to the defendant below, after the husband had thus become the sole and absolute owner of her, it is perfectly clear, that according to the rule laid down by Mr Chitty, which is fully established by the cases and authorities on the subject, that the court below, if they could on the trial have ordered and enforced a nonsuit, ought to have done so. But not having the authority to do this, they ought to have instructed the jury, that in law they were bound to find a verdict for the defendant below, as requested by his counsel. The court, however, refused to give this instruction, but on the contrary advised the jury that they ought to find in favour of the plaintiffs below; in which we think, the court erred.

Judgment reversed.