## Fairchild *against* Chaustelleux.

An action of replevin will not lie in the name of a husband and wife for tim-
ber. cut on their joint property; it must be brought in the name of the husband
alone.

The criterion, from which to judge whether the action may be brought in the
name of the husband and wife, or the husband alone, seems to be this: whether
upon the death of the husband, it would survive to the wife? If it would, the
action may be in the name of both; if it would not, it must be in the name of
the husband alone.

ERROR to the common pleas of *Bradford* county.

Cæsar Laurent Conte De Chaustelleux and Louisa Zephine De
Damas, his wife, against Abel Fairchild and Reuben White.

This was an action of replevin for four hundred white pine saw
logs, which the plaintiffs alleged the defendants had taken from
their close, and carried away.

The objection to the action was, that the husband and wife had
joined in an action to recover the personal effects of the husband.

In answer to this, the plaintiffs relied upon the fact, that the logs
had been cut from the joint estate of the husband and wife.

The court below was of opinion that the action was rightly
brought; and the jury found a verdict for the plaintiff.

This opinion of the court was the subject of the only error as-
signed.

*Watkins* and *Case*, for plaintiffs in error, cited *Cro. Eliz.* 133;
1 *Salk.* 114; 6 *Watts* 301.

*Elwell* and *Williston*, *contra*, cited 2 *Serg. & Rawle* 493;
11 *Serg. & Rawle* 325–6; *Clancey* 7; 10 *Pick.* 463; 2 *Maul. &
Selw.* 394: 4 *Rawle* 179; 1 *Selw.* 294, note; *Cro. Eliz.* 96; 4 *Rawle*
273; 1 *Tidd's Prac.* 6; 2 *Har. Dig.* 1250.

The opinion of the Court was delivered by

Rogers, J.—The only point on which the plaintiff in error re-
lies, is raised on the charge of the court, that husband and wife can
sustain an action of replevin for timber, cut and carried away from
property belonging to them during the coverture. It is a principle
of law, stated by Chitty in his treatise on Civil Pleading, and
since recognised in Seibert *v.* M'Henry, 6 *Watts* 301, that when a
*feme covert* has no interest whatever in the subject matter of the
action, and consequently ought not to be made a party, and she
sues either with or without her husband, the plaintiff will be non-

[Fairchild v. Chaustelleux.]

suited, on the general issue. On the trial, the defendant prayed the court to instruct the jury that the husband and wife could not join in the suit, but that suit should be brought in the name of the husband alone. The court refused to give this direction, and of this the defendants complain. The plaintiff contends, that because the freehold, on which the trespass was committed, was the joint property of the husband and wife, the action is well brought in their joint names. To this the defendants answer, that the suit is not brought for an injury to the freehold, but that the action is brought for an injury to the personal property of the husband. Where trespass is committed on the lands of the wife during coverture, the husband may sue alone in trespass, or according to the current of authorities, the wife may be joined. Clapp *v.* Slaughter, 10 *Pick.* 469; *Com. Dig.* tit. *Baron & Feme.* Whether this principle applies to the somewhat anomalous interests of the husband and wife in the *locus in quo,* it is unnecessary to decide, although the principle is undoubtedly applicable to a wrong-doer to the freehold of a wife, when the action is trespass *quare clausum fregit.* But here the parties have not thought proper to adopt that remedy for the injury, but have resorted to an action for the thing itself. By the act of severance from the freehold, whether done by the husband himself, or a wrongdoer, the timber becomes personal property, and *eo instanti* vests in the husband. The action is therefore for taking and carrying away the property of the husband, in which the wife cannot be joined. The wife can acquire no personal property in her own right, and if she obtains any, either by gift or otherwise, it becomes immediately the property of the husband, though not in his actual possession. But the property was in the constructive, if not in the actual possession of the husband from the time of the severance, and the subsequent asportation was a wrong done to that possession, for which an action well lies in his name, and in his name alone. The injury is done to him, and the wife has no interest whatever in the subject matter of the action, although she was a joint owner with her husband of the freehold, from which the timber was severed. In Nethart and Wife *v.* Anderson, 1 *Salk.* 114, trover was brought by *baron and feme,* and the plaintiff declared *quod cum possessionat fuerunt,* &c., the defendant converted *ad damnum ipsorum,* held nought after verdict; for the possession of the wife is the possession of the husband, and so is the property; so that the conversion cannot be to the damage of the wife, but of the husband only. The same doctrine held in trespass for taking goods. 1 *Salk.* 115. So baron must bring an action alone for work done by the wife during the coverture, unless there be an express promise to the wife. Buckley *v.* Collins, 1 *Salk.* 115. And one of the reasons given for the judgment of the court, is, that the advantage of the wife's work shall not survive to the wife, but goes to the executor of the husband. This reason applies to this case, for had the baron

died after the severance of the timber, the property would not have survived to the wife, but would have gone to the executors of the husband; for, by the severance, it becomes the property of the husband. There are some causes of action accruing through the means of the wife, for which the husband must sue alone; while there are others for which he may join his wife with him in a suit, or sue alone, as he pleases. And the criterion by which it may be judged when he must sue alone, and when he may or may not, seems to be this: if the cause of action will survive to the wife, then the husband may join his wife in the action for the recovery of it, or sue alone; but if it will not survive, then the husband must sue alone. Clancy's Husband and Wife, 7, and the authorities there cited. Arundel *v.* Short and Wife, *Cro. Eliz.* 133, is very like this case. That was error upon a judgment in trespass, by baron and wife, of their close broken and corn carried away. Error assigned, that *feme* ought not to join, for she can have no property in the corn carried away. In 48 *Edw. Pl.* 18, 9 *Edw.* 4, *Pl.* 52. In personal actions they cannot join. Godfrey *v.* Coke, *contra.* It is in the election of the baron to join his wife in personal actions; and it may be intended they were joint tenants of the corn before coverture, or that the *feme* had it, as executor, and if the writ by any intendment may be good, it shall not abate. But Gowdy said, the books agree that for personal things they cannot join; but for personal things in action, it is in the election of the husband to join his wife or not. And Trinity term 31, the judgment was reversed. By personal things in action is to be understood choses in action, which are things of which there is no immediate occupation, but merely a bare right to occupy the possession whereof may be recovered by a suit, or action at law. But where the baron has either the actual or constructive possession of the thing, it is not a personal thing in action, in which he may or not join his wife at his election. Arundel and Wife (as I understand it, although it must be admitted there is some doubt about it) was not an action *quare clausum,* but trespass *de bonis asportatis,* and in this it differs from Cookson and Wife *v.* Collin, *Cro. Eliz.* 96. In the latter case it was held, that husband and wife may join in trespass for entering the lands, and taking twenty loads of hay, *inde provenient.* The court say they may well join, for as they may join in trespass, *de clauso fracto,* and cutting their grass, so they may join for the hay coming off it. And this is reasonable, for the baron having elected to consider it as one entire injury, (the taking the hay being but aggravation,) may join the wife; but not so, if he waive the injury to the freehold (as he may) and elects to consider it as a personal thing, for the damage to which he brings trespass *de bonis asporitatis,* replevin, trover, or an action for money had and received where the property has been sold. On the same principle, the court in Seibert *v.* M'Henry held, that replevin cannot be maintained in the name of husband and

[Fairchild v. Chaustelleux.]

wife, to recover chattels, the property of the wife before marriage, unlawfully taken afterwards.    The action must be in the name of the husband alone.    It was also decided there that the plea of property does not admit the plaintiff's right to sue, and that the objection may be taken at the trial, and need not be pleaded in abatement.    The principles of that case apply with great force to the present.

Judgement reversed.