### TALLMADGE *against* GRANNIS:

### IN ERROR.

Where an action is brought merely for the recovery of damages done to the real estate of the wife, during the coverture, the husband may sue alone, or the wife may be joined in the suit.

Therefore, where the husband alone brought an action of trespass for entering upon land which he possessed in right of his wife, and digging up and carrying away the soil; it was held, that the action was sustainable.

THE original action was trespass, brought by *Grannis* against *Tallmadge,* before a justice of the peace, and from thence removed, by appeal, to the county court.

In the declaration, it was averred, that the plaintiff was lawfully possessed of a certain tract of land; and that the defendant, with force and arms, entered upon the same, and with spades, shovels and hoes, dug up the ground and soil, and, with wagons and carts, carried off the same, out of the possession of the plaintiff.

Upon the trial of the cause, to the jury, in the county court, the defendant offered evidence to prove, that the plaintiff went into possession of the land described in the declaration, under a deed in fee to the plaintiff's wife, and held possession in right of his wife, and not otherwise; and that the injury complained of was of a permanent nature, and consisted in digging up and carrying away the soil; and thereupon he requested the court to instruct the jury, that the plaintiff's wife ought to have been joined in the action, and that it could not be maintained by the husband alone.

But the court instructed the jury, that this was a case in which the husband might sue alone, without joining his wife.

The plaintiff having obtained a verdict, the defendant filed a bill of exceptions, and thereupon brought a writ of error in the superior court; which was reserved for the advice of this court.

*Seymour,* for the plaintiff in error, contended, 1. That in actions for permanent injuries to the wife's real estate, the husband and wife must join, and the husband cannot sue alone. This rule of law is supported by principle and authority. First, by principle; because her interest cannot

otherwise be protected. A suit by the husband alone, if permitted, would vest in him rights which belong to her, and ought to be protected in her. Secondly, on authority. 1 *Sw. Dig.* 36. & seq. *Reeve's Dom. Rel.* 133. *Weller* & ux. & al. v. *Baker*, 2 *Wils.* 414. 423, 4. [case of the *Dippers at Tunbridge Wells.*] *Clapp*, admr. v. *Stoughton*, 10 *Pick.* 463. 470. *Cushing* & ux. v. *Adams*, 18 *Pick.* 110. *Allen* & ux. v. *Kingsbury*, 16 *Pick.* 235.

2. That this case is within the rule. The injury complained of was of a *permanent* nature, and consisted in digging up and carrying away the *soil.* On these facts they were instructed, that the husband might sue alone, without any reference to the nature of the injury—whether permanent or temporary.

*Harrison* and *G. H. Hollister*, for the defendant in error, contended, That the husband need not join the wife in an action of trespass for an injury to her land. 1 *Sw. Dig.* 37. *Allen* & ux. v. *Kingsbury*, 16 *Pick.* 235. *Clapp*, admr. v. *Stoughton*, 10 *Pick.* 469. *Cushing* & ux. v. *Adams*, 18 *Pick.* 110. 1 *Bla. Com.* 362. 1 *Chitt. Plead.* 74. In legal contemplation, the possession of this land is in the husband. *Watson* & ux. v. *Watson*, 10 *Conn. R.* 77. 92. *Bradstreet* v. *Pratt*, 17 *Wend.* 44. 46. *Eaton* v. *Whitaker*, 18 *Conn. R.* 222. 228. The action is for an injury to the husband's possession ; and the judgment recovered belongs solely to him.

WAITE, J. The rule upon this subject, as settled, by numerous decisions, is, that where the action is merely for the recovery of damages done to the real property of the wife, during the coverture, the husband may sue alone, or his wife may be joined ; her interest, in the latter case, being stated in the declaration. 1 *Chitt. Plead.* 75. and the cases there cited. *Allen* & ux. v. *Kingsbury*, 16 *Pick.* 235. *Clapp* v. *Stoughton*, 10 *Pick.* 463. *Cushing* & ux. v. *Adams*, 18 *Pick.* 110. *Com. Dig. tit.* Baron and Feme, X.

If the husband survive the wife, he may sustain an action of trespass for an injury done to her land, during the coverture ; and if she survive, the action will survive to her. *Com. Dig. tit.* Baron and Feme, 2 A.

But where the demand is for the removal of personal property, as corn or grass, when severed from the land, there

*Litchfield,*
July, 1850.

Tallmadge
*v.*
Grannis.

the husband cannot join his wife, because the entire interest in the personalty is vested in him.

The instruction given to the jury, by the county court, was correct, and consequently, there is no error in the judgment complained of; and so we advise the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.