## URANIAH SMITH *v.* MICHAEL FITZGERALD.

*Trespass on the Freehold.* R. L., s. 821. *Jurisdiction.*
*Parties. Husband and Wife. Pleading.*

1. In an action of trespass on the freehold, the *ad damnum* in the writ is the "sum in demand" within the meaning of the statute—R. L., s. 821—and determines the jurisdiction.

2. PLEADING. HUSBAND AND WIFE. JOINDER. A husband may sue alone, or

Smith *v.* Fitzgerald.

jointly with his wife, in trespass for injuries done to her realty during coverture, where the action will survive to either upon the death of the other.

3. EVIDENCE, PAROL. DEED. Parol evidence of conversations between the parties previous to the execution of a deed are never admissible in a court of law to contradict, enlarge or abridge the operation of the deed. Nor are the acts or declarations of the parties before or after its execution admissible to show their understanding of the deed.

TRESPASS *quare clausum fregit.* Heard on a referee's report September Term, 1886, ROYCE, Ch. J., presiding. Judgment on the report for the plaintiff.

*Ballard & Burleson,* for the defendant..

The County Court did not have jurisdiction. R. L., s. 821. The action should have been brought by the husband and wife jointly. *Hackett* v. *Hewitt,* 57 Vt. 442; 1 Wash. R. P. 279; 2 Kent Com. 131; Kelley Cont. 82.

In all cases where the right of action would survive to the wife, the husband and wife must join in any action brought therefor. 1 Par. Con. 286; 1 Chit. Pl. 74; 10 Pick. 469; *Morse* v. *Earl,* 13 Wend. 271; *Milner* v. *Milner,* 3 Term, 631; *Ramsey* v. *George,* 1 M. & S. 176. Hubbell's testimony was admissible. Rob. Dig., p. 272; *Davis* v. *Judge,* 44 Vt. 500. The wife would not be estopped by this action. *Wright* v. *Hazen,* 24 Vt. 143; *Knapp* v. *Marlboro,* 31 Vt. 674; 52 Vt. 287; 57 Vt. 42.

*Charles Soule* and *Wilson & Hall,* for the plaintiff.

The court had jurisdiction. *Doubleday* v. *Marstin,* 27 Vt. 488; *Montgomery* v. *Edwards,* 45 Vt. 75; *Ladd* v. *Hill,* 4 Vt. 164. It was unnecessary to join the wife. 1 Chit. Pl. 74; *Bowen* v. *Anderson,* 47 Vt. 569; *Holton* v. *Whitney,* 28 Vt. 448; *Allen* v. *Kingsbury,* 16 Pick. 235; *Clapp* v. *Stoughton,* 10 Pick. 469. This objection is waived by the reference. The parol evidence was not admissible. *Pingry* v. *Watkins,* 17 Vt. 379; *Morse* v. *Low,* 44 Vt. 561; *Abbott* v. *Choate,* 47 Vt. 53; *Vt. Cen. R. R. Co.* v. *Hill,* 23 Vt. 681.

The opinion of the court was delivered by

WALKER, J. This is an action *quare clausum fregit* for cutting trees on land of which the plaintiff and his wife, Laura, were in possession in right of the wife, who held the same under a warranty deed from her father, and over which the plaintiff exercised such control and management as a husband may, in the law, exercise over the wife's real estate, and had no right or estate in the premises except such as a husband acquires by marriage in the real estate of his wife. The wife was not joined as a party plaintiff in the writ. It is inferable, from the referee's report, that the principal question before him was whether the *locus in quo* was within the limits of the plaintiff's wife's lot. The referee finds that the land is of small value except for wood and timber, and that the trees cut and taken away by the defendant stood upon the land of the plaintiff's wife, and were of the value of ten dollars. This was the extent of the plaintiff's claim for actual damages, but he claimed to recover exemplary damages in addition thereto, which the referee disallowed for the reason that the defendant cut the trees to assert his right, as he believed, to the *locus*.

The defendant in this court relies upon three exceptions which he filed to the referee's report in the court below, to wit: 1. That the County Court had no original jurisdiction of the action; 2. That the judgment should be rendered for the defendant upon the report, because of the non-joinder of the plaintiff's wife as a party plaintiff; 3. That the referee committed error in excluding the testimony of Homer E. Hubbell.

I. The action was brought originally to the County Court, and the declaration charges the defendant with entering upon the plaintiff's land with force and arms, and cutting and carrying away certain trees standing and growing thereon, and with other wrongs; and concludes to the damage of the plaintiff three hundred dollars.

The County Court had original jurisdiction of the action, unless it is within the jurisdiction of a justice of the peace. A

justice of the peace has jurisdiction of action of trespass on the freehold where the sum in demand does not exceed twenty dollars. R. L. s. 821. This is the limit of the jurisdiction of a justice of the peace in this class of actions; and it is immaterial whether the title to the land is in dispute or not. To give the County Court original jurisdiction the *sum in demand* must exceed twenty dollars. So the determining fact is the *sum in demand* in the action. What constitutes the sum in demand in an action of trespass on the freehold is not an open question in this State. This was settled by the opinion of the court in *Montgomery* v. *Edwards*, 45 Vt. 75, which was an action *quare clausum fregit*, brought originally to the County Court. The declaration charged the defendant with cutting down and carrying away trees standing and growing on the plaintiff's land of the value of *fifteen* dollars, and concluded to the damage of the plaintiff *fifty* dollars. The plaintiff claimed to recover treble damages, but did not declare upon the statute giving treble damages, and therefore could not recover such damages in the action. The plaintiff's testimony tended to show the value of the trees cut to be from six to eight dollars; the jury found their value to be five dollars and twenty-eight cents. The defendant in that action claimed that upon the proof the County Court had not original jurisdiction, and moved to dismiss the action. The County Court overruled the motion, and the defendant excepted. The Supreme Court, in passing upon the question, held that the action must be regarded as an ordinary action of trespass on the freehold; and that the *ad damnum* in the writ was the *sum in demand*, and that as the *ad damnum* exceeded twenty dollars the County Court had original jurisdiction of the action. Judge PECK, in the opinion of the court, says: " In actions of trespass on the freehold, and actions of assault and battery and the like, the *ad damnum* in the writ is the *sum in demand* determining the jurisdiction." The learned judge also says, in substance, that if the rule of good faith be applied as it is in some other actions, there was no error in the decision of the County

Smith *v*. Fitzgerald.

Court, as the court may have found that the plaintiff, in good faith, supposed he could recover more than twenty dollars, in view of the fact that he claimed treble damages. The case cited and the case at bar are very similar. The *ad damnum* in each case exceeds twenty dollars. In neither was the value of the trees claimed to be over ten dollars. In one the plaintiff claimed to recover treble damages and failed in that claim; in the other the plaintiff claimed to recover exemplary damages, and failed in that respect; and the good faith of the plaintiffs in their respective claims was not questioned in either case.

Upon the authority of the case cited it must be held that the County Court had original jurisdiction of the case at bar.

II. The next question to be considered is whether an action can be maintained in the name of the husband alone against a person for cutting trees upon the wife's land during the coverture.

As we have no statute law upon this subject the question must necessarily be determined upon the principles and authority of the common law.

The common law rule as to the joinder of husband and wife in actions for damages to the real property of the latter during coverture is said by some writers to be not quite clear. The rule, however, seems to be quite uniform in the elementary books and decisions of the courts.

In Chitty's Pleading, vol. 1 (6th Am. ed.), page 85, the law is stated as follows: "In real actions for the recovery of the land of the wife, and in a writ of waste thereto, the husband and wife *must* join. But when the action is merely for the recovery of damages to the land or other real property of the wife during the coverture * * * the husband may sue alone or the wife may be joined, her interest in the land being stated in the declaration."

In Waterman on Trespass, vol. 2, s. 937, the rule is stated as follows: "At common law, where the action is merely for the recovery of damages done to the real estate of the wife

during coverture, the husband may sue alone, or his wife may be joined."

In Dicey on Parties to actions, 412, the rule is laid down as follows: " A husband may sue either alone, or jointly with his wife, for all injuries done during coverture to real property, of which the husband and wife are seized, or to which they are entitled in right of the wife."

The same doctrine is asserted in Hilliard on Torts, vol. 2, page 502. It is there stated that an action for trespass for cutting trees on land held by husband and wife in right of the wife, may be brought by the husband alone, or by the husband and wife jointly, at his election.

The rule thus laid down seems to have been followed in the decisions of the courts where the common law governs and is supported by an unbroken line of authority. 2 Saunders Pl. & Ev., 81; 1 Roll, 348; 2 Vent. 195; Com. Dig. tit. Baron & Femme, V. W. & X.; 2 Bac. Abr. tit. Baron & Femme (K.); Cro. Car., 347; 1 W. Saunders, 291; Selwyn N. P. 310; *Bidgood* v. *Way*, 2 Black. 1236; *Weller* v. *Baker*, 2 Wils. 423; *Clapp* v. *Stoughton*, 10 Pick. 469; *Allen et ux.* v. *Kingsbury*, 16 Pick. 235; *Tallmadge* v. *Grannis*, 20 Conn. 296; *Fairchild* v. *Chastalleux*, 1 Pa. 176; *Ib.* 8 Watts, 412.

In *Tallmadge* v. *Grannis*, 20 Conn. 296, it was held that for damages of a permanent character done to the real estate of the wife during coverture, the husband may sue alone, or the wife may be joined, her interest, in the latter case, being stated in the declaration.

*Allen and Wife* v. *Kingsbury*, 16 Pick. 235, was an action of trespass *quare clausum fregit* for cutting trees on land held by the plaintiffs in right of the wife, in which the principal question was whether the *locus in quo* was included within the limits of the wife's lot. It was objected that the wife was improperly joined as plaintiff, and that the action should have been brought by the husband alone. The court, WILDE, J., held that the case fell within that class of cases where the hus-

band may sue alone or join with his wife at his election, as held in *Clapp* v. *Stoughton*, 10 Pick. 469. This case is substantially like the case at bar.

The principle deduced from the cases cited, and upon which the decisions are based, is, that in all cases for injuries done to the wife's land during coverture, where the right of action will survive to the wife upon the death of the husband, and to the husband upon the death of the wife, the husband may sue alone or join with his wife at his election; and that the wife must be joined only in those cases where the right of action will survive to the wife alone and not to the husband; such as actions to recover the title to the land and actions brought to recover for waste only.

It is well settled that an action of trespass for injuries committed to the wife's land during the coverture will survive to the husband on the death of the wife, and that if the wife survive any action for a tort committed to her real estate during the coverture will survive to her. 1 Chitty Pl. 85.

It must therefore be held in this case that the action was properly brought in the name of the husband alone.

III. The plaintiff's wife and defendant derived the title to their respective lots through separate chains of title coming down from Patrick Madden. The plaintiff's wife's lot was conveyed to Ann Wilson by Patrick Madden and wife by deed November 20, 1852, by the following description: "Beginning at the northeast corner of the farm known as the Noah Wilcox farm, now owned by Sylvester Flynn, thence northerly on the original lot line to the southeast corner of land owned by Betsey Baker, thence westerly on the southerly line of said Baker land eighty rods, thence southerly parallel with the easterly line to the Flynn farm, thence easterly eighty rods to the place of beginning, being forty acres."

The defendant's lot was conveyed to Isaac F. Parris and Patrick Rowley by Patrick Madden by deed dated October 26, 1861, by a description which bounds the lot on the east by the Ann Wilson lot.

Shortly after the deed to Wilson, he and Madden built a division fence between the lots, not intended to be on the exact line between the lots, but running in a zigzag course through the woods wherever it was most convenient to build a fence. The location of this fence has not been changed. The trees in question were cut west of this zigzag fence, but within the limits of the survey of the plaintiff's lot as described in the deed to Wilson, and subsequent deeds in the chain of title.

It is fairly inferable, from the referee's report, that the principal question in dispute before the referee was whether the trees cut were within the boundaries of the land deeded to Wilson, which is now held by the plaintiff's wife.

The defendant offered Homer E. Hubbell as a witness upon the trial to show that when he wrote the deed from Patrick Madden and wife to Wilson, the parties thereto were all present, and that the matters were talked over between them; and they agreed that Wilson had purchased just forty acres, and insisted that he should put into the deed the words, " being forty acres." This testimony was excluded by the referee, and the defendant insists it was error. The referee does not state for what purpose this testimony was offered, and it does not appear from the record clearly what the purpose was. Assuming, however, that the testimony was offered as bearing upon the amount of land which was intended to be conveyed from Madden to Wilson, and thus affecting the location of the division line, as may perhaps be fairly inferred from the report, we think the testimony was properly excluded.

Oral evidence of conversations between the parties previous to the execution of the deed are never admissible in a court of law to contradict, enlarge or abridge the operation of the deed, or to restrict or enlarge its legal intendment. Nor are the acts or declarations of the parties, before or after its execution, admissible to show their understanding of the deed. The intention of the parties must be derived from the deed itself, and the deed must have effect to convey such land as is included in the description as shown upon its face. There is

no ambiguity in the description of the premises in the deed to Wilson itself, and if there was, oral evidence is not admissible to explain it. It is not claimed that there is any *latent* ambiguity which calls for an explanation by parol. *Vt. Cent. R. R. Co.* v. *Hills*, 23 Vt. 681; *Pingry* v. *Watkins*, 17 Vt. 379; 2 Saunders Pl. & Ev. 697; *Clifton* v. *Walmesley*, 5 T. R. 564; *Rex* v. *Varlo*, Cowp. 248.

We find no error in the judgment of the court below, and the same is affirmed.