UPHAM & CLAY *v.* THERON N. WHEELOCK,

*Declarations. Principal and Agent.*

The plaintiffs agreed with the defendant to furnish him with a water wheel and to send an agent to set and gear it. The agent returned without performing the job, and gave his reasons to his principal for not having performed it. *Held,* that this account of the agent was not admissible as evidence against the defendant, not having been made in transacting the business of his principal, at the time, and as a part of it.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the following facts:

In May, 1860, the plaintiffs sold and delivered to the defendant

a water wheel, on a credit of four months. The defendant, before the term of credit expired, became dissatisfied with the wheel, and so notified the plaintiffs. But such dissatisfaction arose from no fault, or breach of contract on the part of the plaintiffs.

· In June, 1861, the wheel not having been paid for and the defendant complaining of its operation and declining to pay, an agreement was made between the two parties that the plaintiffs should send a wheel of a different size to the defendant, with a man to set and gear it properly, and if it carried the defendant's machinery satisfactorily, he agreed to pay for it, and all expenses of sending and setting it, and the plaintiffs should take back the first wheel. In case the second wheel failed to perform satisfactorily the plaintiffs were to take back both wheels.

In the same month of June the plaintiffs sent to the defendant the new wheel and a competent mill-wright by the name of Prouty to set it. Prouty did not set the wheel, and by his direction it was sent back to the plaintiffs.

Prouty went the first time by the plaintiffs' direction to the defendant's mill, had conversation with him, went back to the plaintiffs the next day and was sent by them the third day with further instructions to the defendant.

The defendant's testimony tended to show that Prouty on his first visit flatly refused to put in the new wheel, although urged to do so by the defendant—for the alleged reason that in his judgment it would not answer the purpose, and insisted upon returning to consult his employers.

The plaintiffs' testimony tended to show that Prouty on his first visit was ready and willing to set the new wheel, and that the defendant refused to pay any part of the expense, on which account alone he returned, without putting in the wheel, for further instructions.

The plaintiffs offered to prove what reason Prouty gave to the plaintiffs on his return the first time for not having set the wheel. To this the defendant objected, and it was admitted—and Mr. Upham, one of the plaintiffs, testified as follows :

" The reason Prouty gave me, when he came back the first time, for not putting in the 30-inch wheel, was that Mr. Wheelock refused to pay a dollar of the expenses, or for any thing except the wheel itself."

The auditor allowed the plaintiffs' account at $269.57.

The county court, at the September Term, 1862, NEWTON, Ass't J., presiding, accepted the report, and rendered judgment thereon for the plaintiffs. Exceptions by the defendant.

*A. Stoddard*, for the defendant.

The declaration of Prouty made to his employer, the plaintiff Upham, was mere hearsay. It was no part of the *res gestœ*. 2 Phil. Ev. Cowen & Hill's notes, pp. 186 and 187 ; *Holbrook et al.* v. *Murray et al.*, 20 Vt. 525 ; *Hayward Rubber Co.* v. *Dunklee*, 30 Vt. 29 ; *State* v. *Davidson, ib.* 377.

*H. E. Stoughton*, for the plaintiffs.

ALDIS, J. The declarations of Prouty, which were admitted in evidence, were an account he gave his principal, on his return from the defendant's mill, of the reasons that prevented him from putting in the wheel. They were not statements which he made in the presence of the defendant, or while at the place and about the business of his agency. They were a narrative of what the defendant had said—that he had refused to pay any part of the expenses. If we believe that the defendant did refuse, it is not because there is evidence that he did refuse, but because there is evidence that the plaintiffs' agent *said* he refused,—said so, not at the time he was offering to put in the mill, or leaving the spot even for that reason ;—but afterwards in relating to the principal what had happened. Hence the credit we give to the agent's narrative of what prevented him from doing what he was sent to do, is the foundation of our belief.

Now the rule is that the declarations of the agent to be admissible must be made in transacting the business of his principal, at the time, and as a part of the very business then going on.

---

---

The brief examination of cases, as cited in the text books upon evidence, which we have been able to make, does not enable us to find an instance where declarations made to an employer by his agent of the conduct of the party with whom his agency was connected, upon his return to his principal, or in writing an account of it, have been admitted as evidence for the principal.

The agency of Prouty was to set and gear the wheel properly. When he left that business and returned to his principal, he was not engaged in the business of his agency.   To hold that his declarations made upon his return to his employer, as to what happened in his interview with the defendant, shall be evidence upon the principle that they are made in the course of his agency, would be extending the agency beyond its proper scope.   It would be a dangerous precedent—admitting the declarations of agents to bind, not their principals, but those with whom they had been dealing for their principals,—when such declarations were not made at the time and as a part of the business they were transacting, but afterwards, in the presence of their principals, and when the temptation to misrepresent and the want of accurate recollection might dangerously affect the statement,— and when the party to be affected by the evidence had no knowledge of it or means of testing its truth or of denying its accuracy.   In short the evidence seems to be mere hearsay, and exposed to all the objections that exclude hearsay.   1 Greenleaf on Ev. § 113 ; 2 Phil. Ev. C. & H. notes p. 180.

It is not questioned but that the evidence so admitted was to a material point, and influenced the mind of the auditor.

The judgment must be reversed and the case remanded to the county court.