## COUNTY OF WASHINGTON,

#### AT THE

## AUGUST TERM, 1874.

PRESENT:

Hon. JAMES BARRETT,  
Hon. ASAHEL PECK,  
Hon. HOMER E. ROYCE,  } ASSISTANT JUDGES.  
Hon. JONATHAN ROSS,

---

## WILLIAM E. BATES AND WIFE *v.* B. F. CILLEY.

### *Evidence. Competency of Married Woman as Witness. Practice. Amendment.*

In case by husband and wife for injury to the wife occasioned by the defendant's dog biting her, the defendant was not allowed to show, as a reason why the suit was brought, and as bearing upon the question of exemplary damages, that shortly before the injury complained of, the plaintiff set his dog and the defendant's to fighting, and that the defendant reproved him therefor.

Where a man is temporarily absent from home for a day, leaving his wife at home without any special charge or agency, and only with such as married women living and keeping house with their husbands would have in such cases, she is not the agent of her husband so that she can be a witness for him as to matters transpiring during his absence.

To entitle a party to the reversal of a judgment upon the ground that the court refused to charge as requested, it should appear that the party was entitled to the charge requested as matter of legal right.

After verdict and before judgment the plaintiffs were permitted to amend their declaration by striking out an allegation of expense and loss of service of the wife to

1

Bates and wife *v.* Cilley.

the husband. The trial had proceeded solely for damage to the wife. *Held,* no error.

When witnesses differ as to facts, the jury should consider which had the best means of knowledge—which were most likely to be mistaken. As a general rule, it is safer and better for the jury to reconcile conflicting testimony upon the theory that the witnesses on both sides intended to testify truly, rather than upon a theory that would involve the finding that on one side or the other they had committed perjury. And as a general rule, other things being equal, affirmative testimony is entitled to more weight than negative testimony.

CASE for the defendant's dog biting the plaintiff Mrs. Bates, the dog being accustomed to bite, and that known to the defendant. Plea, the general issue, and trial by jury, September term, 1872, PECK, J., presiding.

Mrs. Bates testified that in June, 1870, she went with her mother to the defendant's house on business; that she drove up to the house, and the dog came to the wagon in such a manner that she feared he would bite her, and she called to some of the family to drive him away, saying he would bite her, whereupon the defendant's son and his hired woman drove the dog away, and he lay down near the wagon; that she went into the house, leaving her mother in the wagon, and when she came out and went to get into the wagon, the dog put his head under her clothes and bit her thigh; that she then told the defendant's wife that the dog had bitten her, and she said she guessed not, whereupon the witness went into the house, and the defendant's wife examined the wound and bathed it in liniment, and got a mirror for the witness to see it. Mrs. Bates's testimony, and that of other witnesses on the part of the plaintiffs who examined the place where she testified the dog bit her, tended to show that there was a wound there that had the appearance of having been caused by a bite.

The defendant's evidence tended to show that the place where Mrs. Bates claimed to have been bitten, did not indicate so much of a wound as the plaintiffs' evidence tended to show. The defendant introduced three women as witnesses, whose testimony tended to show that they were at work at the defendant's house on the day Mrs. Bates was there, and saw her when she came and when she went to get into the wagon to go away, and that the dog did not bite her. ·

The defendant was a witness in his own behalf, and while on the stand his counsel offered to show by him that a short time before the day of the injury in question, the plaintiff Mr. Bates was passing along the highway by the defendant's premises, and had a dog with him, and that he set his dog and defendant's dog to fighting; that the defendant went out and parted them, or sent his hired man to part them, and spoke to Bates about it, and protested to him against doing so. To this the plaintiff objected, and the court excluded it; to which the defendant excepted.

The defendant offered his wife as a witness, and offered to show by her that she was in charge of the house and premises and affairs out around the house, and the dog, on the day of the alleged injury, he being absent from home, and to show by her what she did as to the alleged bite, and the examination she made of it, and what she and Mrs. Bates then said about it and its appearance. The plaintiff objected that she was not a competent witness, being defendant's wife. The court inquired of defendant's counsel if he expected to show, or claimed, that she had any special charge, or any other charge or agency than any married woman living and keeping house with her husband, would have in case of the temporary absence of her husband from home for a day, and the counsel replied that he did not. The court excluded the witness, to which the defendant excepted.

The plaintiffs' counsel claimed to the jury that they ought to allow exemplary damages, and the defendant's counsel claimed otherwise; but no question was made to the court on the subject, and the court did not charge in relation thereto, and was not requested to, until after the charge, but before the jury had retired, when the defendant requested the court to charge that exemplary damages should not be allowed; but the court refused, and the defendant excepted.

The court in the charge in the first place stated to the jury specifically what facts it was necessary for them to find proved in order to entitle the plaintiff to recover; one of which was, that the defendant's dog bit Mrs. Bates; and further charged in a manner to which no exception was taken by the defendant's coun-

sel, except as to that portion of the charge which follows, to which the defendant excepted—to wit:

"Gentlemen, it is for you to judge of the weight of evidence, where witnesses are conflicting. In reconciling testimony, there are some rules that experience has settled to be salutary to take into consideration in determining as between the testimony of conflicting witnesses. Where two classes of witnesses differ as to what the facts were, in the first place, take into consideration which has the best means of knowing—which had the best opportunity at the time of knowing what the real facts were. If both were situated so that they might have known, which had the best means—which would be most likely to be mistaken. That is a rule applicable to this case. If Mrs. Bates was bitten as she testified, she would be pretty likely to know it at the time. It would be pretty likely to make an impression on her mind that she would remember. And if she was not bitten, it is pretty difficult to conceive how she could get any idea into her mind that she had been bitten, if she had not.

\*       \*       \*       \*       \*       \*       \*

"Another thing, gentlemen, in relation to reconciling testimony; if it can reasonably be so, consistent with the honesty of witnesses on both sides, that is, as a general rule where witnesses differ, if you can give a solution of it which will be satisfactory to your minds upon the theory that they all intend to tell the truth, that is generally a safer way of reconciling testimony, than it is to reconcile it upon another theory which must involve the finding that witnesses on one side or the other had committed perjury, and sworn to what they knew was not true. Now, applying that to this case, see whether it is consistent with the honesty of Mrs. Bates and her mother (in testifying as they do), that this dog did not bite them (Mrs. Bates); and it is pretty difficult, as far as Mrs. Bates is concerned, to come to the conclusion that she did not tell the truth, without saying that she has committed perjury. I don't know but you can find some way of saying that she is mistaken, but I should think it rather difficult. The evidence on the part of the defense tends to show that the dog did not approach her. Suppose the dog did approach her, and bite her as she says, is there any way that you can say that the others may be honest in what they testify; that the dog might have gone there and they not seen him, and they think that he did not go there at all? That is generally the safer way to reconcile testimony; reconcile it upon a view that will not involve the conclusion that the witnesses on either side have committed perjury. And the reason is, that there

may be cases, may be instances—it is generally more probable, other things being equal—that witnesses come into court and testify wrongfully, that is, testify to what is really not true, by mistake, by misunderstanding, by thinking they are telling the truth, when really they are mistaken—there are more instances of that, and it is more likely to be so, than it is that a witness comes into court and intentionally manufactures a story which he knows there is no truth in.

"Another rule, gentlemen, as between affirmative and negative testimony; where witnesses are present on an occasion, and some of them testify to having seen something done, or to have seen a transaction, and others present say they did not see it, the testimony of those that did see it, is affirmative, and the testimony of those that swear they did not, is negative. As a general rule, other things being equal, affirmative testimony is entitled to more weight, because it is more probable that a thing might take place when different persons are present, and some one present not notice it, not see it—provided the witnesses are honest in testifying—than it is that witnesses present should think they saw a thing take place when they did not. For that reason, affirmative testimony, other things being equal, is entitled to more weight.

    \*     \*     \*     \*     \*     \*     \*

"If you find this case made out by the proof, then the plaintiff will be entitled to recover damages; and as to the damages, I have nothing in particular to say. If the plaintiff is entitled to recover, she is entitled to recover a fair and reasonable compensation. It is not necessary, in order to entitle the plaintiff to recover, that the biting should have been to any given extent. If the plaintiff recovers, it is for you to give such damages as you think would be a fair and reasonable compensation, according to the extent of the injury, the character of it, and the inconvenience that was produced; and take the whole matter into consideration."

After hearing and before judgment, the defendant filed a motion in arrest of judgment for the insufficiency of the declaration.\* After hearing and before judgment on this motion, or on the verdict, the plaintiff, by leave of court, struck out of the declaration the words, "*and the said plaintiffs have paid out in and about healing said wound, and the plaintiff hath lost the services of said Charlotte ;*" to which defendant excepted. The trial proceeded for the recovery of the damage to Mrs. Bates only, and for such

---

\* No papers were furnished me showing the grounds of the motion.—REPORTER.

damage as she was entitled to recover, and not for any damage to her husband, and the jury were instructed on this point accordingly, to which no exceptions were taken. The court overruled the motion in arrest, to which defendant excepted.

*C. J. Gleason,* for the defendant.

It was competent for the defendant to show that the plaintiff Bates set the dogs to fighting, and that the defendant reproved him therefor, as furnishing an explanation for that state of feeling which induced the commencement of this suit, and as bearing upon the question of exemplary damage.

The defendant's wife was a competent witness. Gen. Sts. ch. 36, § 27; *Orcutt* v. *Estate of Cook,* 37 Vt. 515.

It was the duty of the court to charge the jury on the question of exemplary damage; it was one of the questions made in the case; it was argued on both sides; and either party had a right to have the law of the subject stated to the jury. *Vaughan* v. *Porter,* 16 Vt. 266; *Whitney* v. *Lynde,* Ib. 579; *Hazard* v. *Smith,* 21 Vt. 123; *Merritt et al.* v. *Closson,* 36 Vt. 172.

The charge upon reconciling evidence did not present the testimony to the jury fairly. We insist that it was error for the court to *argue* the case as they did, by saying that if Mrs. Bates was bitten, she would have been pretty likely to have known it at the time. The charge of the court as to affirmative and negative testimony was improper in this case. The defendant's witnesses did not testify that they did not *see* the dog bite Mrs. Bates, but testified that he *did not* bite her. Why should the court argue to the jury that defendant's witness might be mistaken, but that the plaintiff's could not be, without perjury?

The declaration alleged damage to the husband and wife, and the court instructed the jury to " take the whole matter into consideration," and it is to be presumed that they rendered a verdict upon " the whole matter." After verdict upon two causes of action, it is not competent to amend the record so as to have it stand for one, and retain the verdict. *Haskell* v. *Bowen,* 44 Vt. 579.

The judgment should have been arrested. This is not like

*Kimball* v. *Ladd*, 42 Vt. There, verdict was rendered on a part of the declaration only, and all on one cause of action. *Harding* v. *Cragie*, 8 Vt. 501; *Hazelton* v. *Weare*, Ib. 480; *Needham* v. *McAuley*, 13 Vt. 68; *Haskell* v. *Bowen, supra.*

*L. L. Durant*, for the plaintiffs.

That the amendment was properly allowed, is fully sustained by *Kimball* v. *Ladd* and *Haskell* v. *Bowen*, cited by the defendant's counsel.

The opinion of the court was delivered by

ROYCE, J. The testimony offered by the defendant as to the plaintiff's setting his dog to fighting with the defendant's dog a short time before it was claimed that the defendant's dog bit the female plaintiff, was properly excluded. There was no such connection between the fact offered to be proved and the injury complained of, as made the evidence admissible for any purpose.

The only ground upon which it was claimed that the defendant's wife was a competent witness was, that she was the agent of her husband. The relation of principal and agent takes place wherever one person authorizes another to do acts or make engagements in his name. Paley on Principal and Agent, 1. The defendant did not claim that his wife had any special charge, or any other charge or agency than any married woman living and keeping house with her husband would have in case of the temporary absence of her husband from home for a day. This, in our judgment, comes far short of establishing the legal relationship of principal and agent between the husband and wife, so as to clothe her with authority to bind him by her acts during any such temporary absence from home, and to give him the benefit of her testimony, in case he may find it for his advantage to denominate her his agent. The cases of *White* v. *Langdon*, 30 Vt. 599, *Upham & Clay* v. *Wheelock*, 36 Vt. 27, and *Goodrich* v. *Tracy*, 43 Vt. 314, are good authority against the admissibility of this evidence.

To entitle a party to the reversal of a judgment upon the ground that the court refused to charge as requested, it should

appear that the party was entitled, as a matter of legal right, to the charge requested. It is sufficient to say that it does not appear in this case that the plaintiffs were not entitled to exemplary damages. From what does appear, we are inclined to the opinion that the charge upon this subject was quite as favorable to the defendant as it should have been. The jury probably regarded what was said by the court as intended to limit the plaintiffs' right of recovery to actual damages. The motion in arrest was properly overruled. No question can be made but that the court could properly have permitted the amendment by striking out the words in the declaration which were stricken out, if leave had been asked before trial ; and where the court can allow an amendment, they do it in the exercise of a discretionary power, and their action is not revisable. The motion to amend was made after hearing and before judgment. The exceptions state that the trial proceeded for the recovery of the damages to the wife plaintiff only, and for such damages as she was entitled to recover, and not for any damage to the husband plaintiff; and the jury were instructed accordingly, to which no exceptions were taken. The declaration, when amended, stated the cause of action, and the only cause of action upon which the trial was had, and which the jury, under the instructions of the court, could have considered. The only purpose to be accomplished by it was, to avoid a technical objection which might have been made under a general verdict. The application was seasonably made. *Kimball* v. *Ladd*, 42 Vt. 747. And the power to grant it was clearly conferred by § 41, ch. 30, of the Gen. Sts.

We have carefully criticised that portion of the charge to which exception was taken, and have failed to discover in it anything to justify the severe animadversions of counsel ; but on the contrary, we regard it as being an able and just presentation of the rules by which jurors should be governed in weighing and reconciling testimony, as laid down by the best writers upon the law of evidence, and as recognized by the highest judicial authority.

The judgment is affirmed.