# SWERDFERGER AND WIFE

### v.

## AMOS D. HOPKINS.

### February Term, 1894.

*Amendment of declaration.    Joinder of husband and wife.*
*Evidence.    Cross-examination of adverse party.*
*Trial.    Hearing in supreme court.*
*Description of premises in*
*quare clausum.*

1. Where, in an action for trespass *quare clausum* brought in the name of the husband and wife, the declaration describes the premises as the property of the plaintiffs, the court may, upon trial, allow such an amendment as to show the title in the *femme* plaintiff.

2. If the county court has the legal right to allow an amendment, the granting of the same is matter of discretion, and the action of the court in that respect cannot be revised here.

3. Husband and wife may join in an action for trespass to the real estate of the wife if the husband has any marital rights therein. Whether they can so join in case of real estate held to the sole and separate use of the wife, is not decided.

4. The plaintiffs claimed that under their deed they took to a certain line, and that if they did not obtain title by their deed they had it by adverse possession. *Held*, that a former occupant and owner of the premises might testify that he understood the line to be at that time where the plaintiffs now claim it.

5. A former owner and occupant might testify that upon one occasion the owner of the adjacent lot, under whom the defendant took title, claimed a portion of the land occupied by him, and that he thereupon told said owner that he, the witness, had bought to the line claimed by the plaintiffs, and should hold to that line unless legally prevented.

6. The statements of a witness made to a third person, not in the presence of the defendant .or his grantor, tending to show the contents of a written instrument, as to which parol testimony had been excluded, were improperly admitted.

7. Statements of a former owner or occupant to a third person, not in the presence of the defendant or his grantor, as to what had been the extent of that owner's occupancy, were improperly admitted.

8. The husband and wife being properly joined as parties, the wife was a competent witness.

9. A witness called by the defendant testified that a former owner of the plaintiffs' land pointed out on one occasion the boundary of his lot. *Held*, that the plaintiff might properly ask him, on cross-examination, what the owner said about the boundary of the lot when pointing it out.

10. A witness of the defendant having testified that, when working for a former owner of the defendant's lot, he had piled lumber belonging to such owner upon the premises in dispute, he may be properly asked on cross-examination with reference to disputes between the owners of the respective lots growing out of the placing of the lumber there.

11. A party may cross-examine the adverse party upon any subject material to the controversy, whether such adverse party has testified about the same in chief or not.

12. It does not necessarily follow that testimony in the same line with that given by the plaintiff in the opening of his case is not strictly in rebuttal, and where nothing more appears from the record than this, the court will not reverse the judgment upon the ground that such testimony was improperly admitted in rebuttal, although it appears from the exceptions that it was not admitted as matter of discretion.

13. Where an exception is taken to the refusal of the court to charge as requested, and the bill of exceptions refers to the request and charge to show what they were, the question will not be considered in the supreme court unless copies of the request and charge are furnished.

14. A defendant waives his motion for a verdict made at the close of the plaintiff's case by putting in testimony upon his own part, and if at the close of his own testimony he renews his motion for a verdict, but puts the same upon a different ground, only that ground upon which he places his second motion will be considered in the supreme court.

15. It is sufficient in trespass *quare clausum* to describe the premises as part of a certain lot in a given range with a reference to the record of the deed to the plaintiff.

Trespass *quare clausum.* Plea, the general issue. Trial by jury at the June term, 1891, Caledonia county, MUNSON, J., presiding. Verdict and judgment for the plaintiffs. The defendant excepts.

The plaintiffs were husband and wife. The deeds introduced by them showed the title in the wife. When the deed from her immediate grantor to the plaintiff wife was offered in evidence the defendant objected to its admission on the ·ground of a variance, and excepted to the action of the court in admitting it. At the close of the plaintiffs' testimony the defendant moved the court to direct a verdict in his favor upon the ground of a variance between the proof and the declaration. The court overruled the motion, and the defendant excepted. Thereupon the plaintiffs asked leave to amend the declaration so as to show that the legal title stood in the plaintiff wife, and the court allowed this amendment subject to the objection and exception of the defendant.

At the close of the testimony the defendant moved for a verdict for the reason that the plaintiffs, being husband and wife, were improperly joined, which motion the court overruled, and the defendant excepted.

The plaintiffs and defendant were the owners of adjacent lots, and the dispute was as to the boundary line between these two lots. The plaintiffs claimed to own to a line which ran through a group of plum trees, and which was called upon the trial the plum tree line, and their testimony tended to show that they and their grantors had occupied up to this

line for more than fifteen years and had acquired title to the
same by adverse possession, if it was not covered by the de-
scription in their deed.

As bearing upon this question one John Nichols, who was
for two years the owner of the plaintiffs' premises, was al-
lowed to testify that when he took the property and during
the time he occupied it, he *understood* his line to be as
claimed by the plaintiffs upon trial.  To his testimony as to
his understanding of the location of. the line the defendant
excepted.

William Fort, a witness improved by the plaintiffs, was
the husband of one Agnez Fuller, who had formerly held
title to the plaintiffs' premises.  Fort had occupied the prem-
ises with his wife, and he was allowed to testify, against the
exception of the defendant, that upon one occasion while
living there one Judevine, then the owner of the adjacent
lot, came to him, claiming a portion of the. premises occu-
pied by him, and that thereupon he said to Judevine that he
had bought up to the line as claimed by the plaintiffs and
should occupy to that line, and that if Judevine got any of
the land it would be by a lawsuit; and that he never heard
anything more from Judevine.

One Curtis, a witness for the plaintiffs, testified that he
occupied the place as a tenant of Perley, the then owner,
from January, 1874, until the fall of 1884, and that during
that time he occupied up to the plum tree line.  He was
further allowed to testify, against the exception of the de-
fendant, that one day in 1876 or 1877 a hired man of Jude-
vine, who then owned the adjacent lot, began to dig post
holes for the purpose of constructing a fence upon the line
as claimed by the plaintiffs; that Perley objected to the con-
struction of the fence at that point; that after some discus-
sion between Perley and Judevine in reference to that sub-
ject, they went to the town clerk's office and drew up and
signed an agreement fixing the location of the line in dis-

pute, and that this agreement was left with the town clerk for safe keeping.

The plaintiff attempted to show the loss of this paper and to prove the contents thereof by secondary evidence, but the court excluded the testimony.

It appeared in the cross-examination of this witness that after the writing had been drawn Perley instructed him to bury a piece of wood in one of the old post holes upon the line claimed by the plaintiff, and upon re-examination the witness was allowed to state, under exception, that at the time Perley had stated to him that he wanted the piece of wood buried there to fix the location which they had then agreed upon. And that Perley further said at that time that he had occupied in the past up to the plum tree line.

One Taylor, a witness for the defendant, testified that he had surveyed the lot of the defendant and plaintiffs and had made a plan, which was put in by the defendant; that upon one occasion in talking with Perley about the boundaries of the lot, Perley had pointed out to him a post hole in the line claimed by the plaintiffs. Upon cross-examination the witness was allowed to state, subject to the defendant's exception, what Perley had said about the location of the line upon this occasion.

Pike, a witness for the defendant, testified that he occupied the defendant's premises for nearly one year in 1876, and again from 1885 to 1889. The defendant then offered to show by this witness that he had a talk with Judevine, the owner of the other parcel, and that Judevine pointed out the line of the land in dispute and told him where the line was, and that the line then pointed out was where the defendant now claimed it. This evidence was excluded by the court, under the exception of the defendant.

Johnson, a witness for the defendant, testified that in 1881 while working for Judevine, he piled some lumber belonging to Judevine on the lot in dispute. Upon cross-examina-

tion the plaintiff was allowed to show, subject to the exception of the defendant, that in consequence of piling the lumber there Perley and Judevine, the then owners of the two lots, had some discussion in reference to the line, and that they then referred to a writing which had been drawn up between them for the purpose of determining where the line was.

In the opening of their case the plaintiffs put in proofs as to surveys, distances, and places where they claimed all the trespasses were committed, and the kind and character of those trespasses, and their occupation, etc.    In rebuttal the plaintiffs were, under exception, allowed by the court, not in the exercise of its discretion, but as matter of strict legal right, to give in evidence measurements made by the witnesses of the plaintiffs, after the defendant had rested its case in reference to the plum tree line, and to show that certain trespasses were north of an old gateway to which the defendant had claimed.

In reference to the exceptions of the defendant to the charge of the court, the bill of exceptions was as follows :

"The defendant seasonably presented written requests to charge, which are referred to.    The entire charge is referred to.    The defendant excepted to the refusal of the court to charge in accordance with said requests, and to the charge as given upon the points covered by the requests.  Defendant also excepted to the charge as to what the existence of the fences owned indicated if found to exist ; to the charge as to the effect of the fences upon the possession of the plaintiff ; as to its requiring fifteen years adverse possession on the part of the defendant to secure title, if the plaintiff had acquired one ; to so much of the charge as related to          ; to the charge that as against any proper title shown by the defendant, plaintiffs need do no more than show a prior possession."

Upon the argument of the case in supreme court no copy of the requests to charge, nor of the charge as given, was furnished the court.

After verdict the defendant moved in arrest of judgment, for that the description in the plaintiffs' declaration was insufficient.    The court overruled the motion, and the defendant excepted.

The declaration described the locus as part of a given lot in a certain range, and referred to the record of the deed to the plaintiff.

*Bates & May* for the defendant.

The plaintiffs' declaration was insufficient.    1 Chitty, Pl., 494, 565, 605, 606; *Davis* v. *Judge*, 44 Vt. 500 ; *Sparhawk* v. *Hall*, 52 Vt. 624 ; Stephen's Pl., 220.

There was a variance between the declaration and the proof, in that the declaration counted upon a title in both the plaintiffs, while the proof showed title in the wife alone. *Derragon* v. *Rutland Village*, 58 Vt. 128; *Fullerton* v. *Seymour*, 5 Vt. 249; *Armstrong and Wife* v. *Colby*, 47 Vt. 359; *Hayner and Wife* v. *Smith*, 63 Ill. 430, S. C. 14 Am. Rep. 124; *Davis* v. *Judge*, 44 Vt. 500.

The husband was improperly joined. *Shaw* v. *Partridge*, 17 Vt. 627 ; *Smith* v. *Fitzgerald*, 59 Vt. 451 ; *Wright and Wife* v. *Burroughs*, 61 Vt. 390 ; *White and Wife* v. *Wait*, 47 Vt. 502 ; *Hackett* v. *Hewitt*, 57 Vt. 442.

If the wife can sue alone, then a misjoinder of her husband is fatal. *Babb and Wife* v. *Perley*, 1 Me. 6; *Burleigh* v. *Coffin*, 22 N. H. 118; *Barber* v. *Root*, 10 Mass. 260 ; *Van Note* v. *Downey*, 28 N. J. L. 219; Sch. Domes. Rel., 142 *et seq; Brown* v. *Sumner's Est.*, 31 Vt. 671; *Fisk* v. *Bailey*, 51 N. Y. 150.

The wife was not a competent witness. *Handlong and Wife* v. *Barnes*, 30 N. J. L. 69; *Cook* v. *Avery*, 37 Bk. U. S. S. C. 308.

The witness Nichols was improperly allowed to state his understanding as to the location of the line. *Hackett* v.

*Amsden*, 59 Vt. 553; *Evarts* v. *Young*, 32 Vt. 329; *Hale* v. *Rich*, 48 Vt. 217.

Fort's evidence as to the declarations of Judevine was in-admissible. *Sylvester* v. *Noble*, 42 Vt. 146; 1 Greenl., Ev., s. 108 *et seq; Ellis* v. *Cleveland*, 55 Vt. 358; *Evarts* v. *Young*, 52 Vt. 329.

What was developed in the examination of the witness Curtis as having been said by Perley in reference to the contents of the written instrument, was improperly received, as were also his declarations as to the extent of his occupancy. *Putnam* v. *Fisher*, 52 Vt. 191; *Evarts* v. *Young*, 52 Vt. 329; *Hadley* v. *Howe*, 46 Vt. 142; *Wood* v. *Willard*, 37 Vt. 386.

*J. P. Lamson* for the plaintiffs.

The amendment showing title in the wife, instead of in the husband and wife, was properly allowed. *Dana et al.* v. *Sessions*, 65 Vt. 79; *Hathaway* v. *Sabin*, 63 Vt. 527; *Drown* v. *Forrest*, 63 Vt. 557; *Haldridge* v. *Same*, 53 Vt. 546; *Morey* v. *King*, 49 Vt. 304; *Bailey* v. *Moulthrop*, 55 Vt. 13; *Norcross* v. *Welton*, 59 Vt. 50; *Tillotson* v. *Prichard*, 60 Vt. 94; *Probate Court* v. *Sawyer*, 59 Vt. 57; *Patten* v. *Sowles*, 51 Vt. 388; *Myers* v. *Lyon*, 54 Vt. 488; *Myers* v. *Lyon*, 51 Vt. 272; *Casey* v. *Casey*, 55 Vt. 518.

The suit was properly brought in the name of the husband and wife, for the husband had a beneficial interest in the premises. *Smith* v. *Fitzgerald*, 59 Vt. 453.

TAFT, J.    I.    The premises are described in the declaration as the lot deeded to the plaintiffs. The plaintiffs offered in evidence a deed from one Perley to the feme plaintiff; objection being made upon the ground of variance between the contract described in the declaration and the one offered in evidence, the court granted leave to amend the declaration, so as to describe the lot as the one deeded

to the feme plaintiff. This amendment did not change the parties nor the nature or cause of action. The court, therefore, had the legal right to permit the amendment to be made, and if the court had power to allow the amendment, its action was discretionary and not revisable. There was no error in granting the motion to amend. *Bowman* v. *Stowell*, 21 Vt. 309; *Bates* v. *Cilley*, 47 Vt. 1.

II.    Can the husband and wife join as plaintiffs? Such was the law prior to No. 140, Acts 1884, as held in *Smith* v. *Fitzgerald*, 59 Vt. 451; it is urged that by section 2 of that act the law was changed, and that an action *quare clausum* for trespass upon the wife's land must be brought in her name alone; such might be the result if the property was held to the sole and separate use of the wife, and the husband had no marital rights therein. It is unnecessary, however, for us to pass upon the question, for if the property in the case at bar was not held to the sole and separate use of the wife, the husband was properly joined. It does not appear from the record whether it was so held or not, for she may have acquired it during coverture by gift from her husband. If she did, the action was properly brought. As we cannot presume error, we must sustain the ruling of the court below.

### QUESTIONS OF EVIDENCE.

III.    1.    The plaintiffs claim that they and the grantors in their chain of title had occupied the close in question to the fence on what is called the "plum tree line," and claimed title to the land by deed, and by adverse possession. John Nichols, a witness, called by the plaintiffs, who formerly owned and occupied the plaintiffs' premises, testified under exception that when he bought the place he understood from the description in the deed that the fence marked the line of his land. The defendant insists that the understanding of the witness was not admissible; to acquire title by adverse

possession it is necessary that the party occupies the land
claiming it, and we think the understanding of where the
line of his land was, in connection with his testimony relat-
ing to the occupation of the land, and that he claimed it, was
admissible.   We infer, if necessary, that there was testimo-
ny in the case tending to show both the occupation of, and
claim to, the land.   His understanding of where the line was
was material; he would be more likely to occupy the land
to the line where he understood it to be than otherwise, and
we see no objection to the testimony showing what his un-
derstanding was in respect to it.

2.   There was no error in admitting the testimony of
William Fort.   He, with his wife, was in possession of the
premises now claimed by the plaintifis, and his testimony
tended to show that he occupied and claimed the premises
to the line as now claimed by them.   Judevine was then
claiming a portion of the premises, and the testimony of the
witness Fort tended to show that he, the witness, upon the
premises, made claim to the land as far as the line now
claimed by the plaintiffs.   What he said to Judevine upon
the occasion testified to, in making known his claim and the
extent of it, was legal evidence, not of the truth of what he
said, or, that he had any right to occupy as far as the line,
but that he, at the time, made claim to the land that was
fenced in by the fence standing on the plum tree line.   The
testimony should have been limited to this latter fact; it
does not appear but that it was.   The fact that he claimed
the land was competent to be shown, even if it necessarily
involved what he, at the time, said.   *Kimball* v. *Ladd*, 42
Vt. 747.

3.   One Perley owned the plaintiffs' premises from Janu-
ary, 1870, until April, 1889, and Judevine owned the ad-
joining premises for several of the intervening years.   The
exceptions show that about the year 1876 Perley and Jude-
vine, when owning the respective premises, had a contro-

versy in regard to the line in question. To settle the dispute, they agreed upon a certain line; the agreement was reduced to writing and left with Mr. Hathaway, the town clerk. The contents of the written agreement was a pertinent question upon trial. No loss of it was shown, and the court ruled that parol evidence of its contents was not admissible. This agreement as to the division line was recognized by both Perley and Judevine as late as the year 1881.

The testimony of the witness Curtis, tending to show the statements of Judevine and Perley made in connection with what they were doing upon the land, was objected to. We cannot say that it was error in excluding the statements of Mr. Judevine, for it is not shown what they were; for aught that appears, they may have been in favor of the defendant's claim and therefore not injurious to him, and they may have been wholly immaterial. The statements of Mr. Perley tended to show the contents of the written agreement which had been made between him and Judevine. The witness testified that Perley said he wanted the old post holes marked, that Judevine might die and some dispute arise about the corner, and that Judevine might disregard the agreement that he had made with him, and that he, Perley, would have the corner marked. This was testimony strongly tending to show that the plum tree line was the one that had been agreed upon by the written contract. This testimony had already been ruled inadmissible, and it should have been excluded. Perley's statements made at the same time, in relation to his having always occupied the land to the fence on the plum tree line, was inadmissible. While statements are sometimes admissible as showing what the party's then claim to the land may be, his declaration as to what he had done in the past with reference to the transactions, is not admissible.

4. The plaintiffs being properly joined as parties, the wife was a competent witness.

5.   The testimony of the witness Taylor, which was objected to, was proper matter of cross-examination; he was called by the defendant, and testified that Perley pointed out the boundary of his lot.   The plaintiff had a right in cross-examination to ask the witness what Perley said about the boundary of the lot when pointing it out.

6.   One Johnson, called by the defendant, testified that when he worked for Judevine he piled lumber belonging to Judevine upon the lot in dispute.   We understand the cross-examination, which was objected to by the defendant, had reference to the matter of this same lumber and its being piled there, and was therefore a proper matter of cross-examination.

7.   The question as to the testimony of the witness Pike was waived.

8.   The cross-examination of the defendant was objected to, upon the ground that it put into the case the declarations of the plaintiff husband in his own favor.   There was no error in the cross-examination.   The plaintiffs had a right to examine the defendant upon any material matter in the way of cross-examination, whether he had testified upon the point or not; and they had a right to show that the defendant knew that the plaintiffs, at the time in question, made claim to the premises to the plum tree line, and this was the effect of the testimony.   It should not have been admitted to establish the fact of where the line was located, but to show that the plaintiffs claimed the premises in dispute, as it was a material question whether they claimed to occupy the land adversely.

9.   The defendant claims that the plaintiffs were permitted to give testimony in rebuttal relating to certain measurements from the plum tree line to certain corners, for the purpose of showing that certain trespasses were upon land which the plaintiffs claimed, and also the testimony of their brother George that he had never seen Judevine's man mow

the disputed tract, nor Mr. Pike tear down the fence, and also certain testimony of the plaintiff Simeon as to the condition of the tract in question when the place was deeded to his wife, and as to certain other measurements. The defendant insists that none of this testimony was in rebuttal. It was admitted not in the exercise of discretion, but as a matter of strict legal right. It is true the exceptions show that the plaintiffs in their opening had put in testimony tending to show certain distances and places claimed to have been trespassed upon, and the kind and character of the trespasses and their occupancy of the disputed tract, etc. While the testimony objected to may have been in the same line as that given by the plaintiffs in their opening, it does not appear from the record that it was not strictly in rebuttal of what some of the defendant's witnesses had testified to. There is no recital of the testimony given by the defendant and his witnesses upon these points, and we cannot say, therefore, that there was error in admitting the testimony in question.

10. The record is not full enough to enable us to determine whether there was any error in respect to the testimony of the plaintiff Simeon in regard to the application of Eldred to the selectmen ; no error appears. This disposes of the questions of evidence which have been made in argument.

IV. The fourth point in the brief for the defendant is, that the charge as given upon the subjects noted upon page ten of the exceptions was not warranted by the facts. The exceptions stated on page ten are to the refusal of the court to charge in accordance with the requests, and to the charge as given upon the points covered by the requests. These questions are not considered, as no copy of the requests nor the charge has been furnished us.

V. The motion for a judgment at the close of the plaintiffs' evidence was waived as the defendant introduced evidence subsequently, and as the motion to order a verdict at

the close of all the evidence was based upon the misjoinder of parties, that question has already been disposed of adversely to the defendant.

The defendant filed a motion in arrest of judgment, upon the ground that the declaration did not sufficiently describe the locus in quo, and cites in support of this claim *Davis* v. *Judge*, 44 Vt. 500. That was an action of ejectment for the recovery of the possession of land, and involved the question of title. In such actions it is necessary to describe the premises with the particularity stated in the opinion in that case; but in an action of trespass *quare clausum*, it has been held in this state, *Rice* v. *Hathaway*, Bray. 231, that the premises were well described in the following words— "The close of the plaintiff situate, lying and being in St. Albans." The premises in this case are described as "the plaintiff's close, situate in the town of Hardwick," and also as a part of lot No. 3 in the ninth range of lots, with a reference to the deed to the plaintiff Sarah, recorded in book 16, page 361. We think this description, under the authority of the case cited, is good.

VI. The sixth point made in defendant's brief it is unnecessary to consider, in view of the holding upon the question of parties.

*Judgment reversed and cause remanded.*

Rowell, J., being absent in county court, did not sit.